# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SEYNI IDE FODI, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. No. 26-cv-560<br>) |
| PAMELA BONDI, *in his official capacity as Attorney General of the United States*; | )<br>)<br>) **COMPLAINT FOR** |
| DAREN K. MARGOLIN, *in his official capacity as Director, Executive Office of Immigration Review* | ) **DECLARATORY, INJUNCTIVE,**<br>) **AND MANDAMUS RELIEF**<br>)<br>) |
| GARY D. MALPHRUS, *in his official capacity as Chief Appellate Immigration Judge, Board of Immigration Appeals;* and | )<br>)<br>)<br>) |
| KRISTI NOEM, *in his official capacity as Secretary of the Department of Homeland Security*, | )<br>)<br>) |
| TODD M. LYONS, *in his official capacity as Deputy Director and Senior Officials Performing the Duties of the Director of Immigration and Customs Enforcement (ICE)*, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

1

## INTRODUCTION

1.      Plaintiff Seyni Ide Fodi (A#249-137-392) is an asylum seeker and rare-language speaker who faces imminent removal despite never receiving the "full and fair" process to which he is entitled because of the government's failure to provide him language access. Because removal could occur as soon as 10:00AM on February 25, 2026, a motion for temporary restraining order and preliminary injunction seeking an emergency order staying his removal to maintain the *status quo* accompanies this pleading.

2.      In 2024, Mr. Ide Fodi fled persecution from the the Nigerien police and government after they fired gunshots and teargas at him and came to his house armed with weapons to kidnap him. Mr. Ide Fodi managed to escape and fled to Benin and then the United States.

3.      Mr. Ide Fodi–who is fluent only in the language of Zarma and cannot read or write in any language–was given a credible fear interview in French, a language that he does not speak fluently. Then while detained and *pro se* with no access to language services, the immigration court ordered Mr. Ide Fodi to complete his asylum application in English. Mr. Ide Fodi was then released on interim parole.

4.      Despite Mr. Ide Fodi's best efforts to comply with all requirements, including notifying Immigration and Customs Enforcement (ICE) of his change of address to York, Pennsylvania, ICE did not inform him of the requirement to change his address with the immigration court. Accordingly, the immigration court mailed a hearing notice to Mr. Ide Fodi's previous address and he missed his hearing.

5.      ICE detained Mr. Ide Fodi on October 11, 2025. After obtaining *pro bono* legal counsel who could communicate with him while detained in Pennsylvania, he learned that he had

a removal order. Mr. Ide Fodi timely filed a 26 page motion to reopen with an I-589 application form and over 200 pages of corroborating evidence on November 7, 2025 on. On December 5, 2025, the immigration judge denied the motion to reopen in a short, unreasoned decision.

6. Mr. Ide Fodi then immediately appealed the decision to the Board of Immigration Appeals ("BIA"). He subsequently filed a motion for an emergency stay of removal.

7. While that appeal was pending, on February 24, 2026, ICE transferred Mr. Ide Fodi out of Pennsylvania. On February 25, 2026, counsel managed to speak with ICE and learned that Mr. Ide Fodi had been transferred to the Chantilly ICE Field Office for imminent removal. Mr. Ide Fodi's appeal and motion for a stay were both still pending before the BIA. Counsel informed the BIA about the pending motion for a stay, which the BIA promptly denied less than an hour later, in a short decision with boilerplate language that did not address the merits of the appeal. Even though Mr. Ide Fodi has a statutory right to seek reopening of his immigration case as well as the right to seek judicial review of the immigration judge's erroneous decisions, ICE has now transferred him to Virginia with plans to deport him *at 10 am on a plane from Dulles Airport to Ethiopia on February 25, 2026*.

8. Mr. Ide Fodi petitions this Court for declaratory, injunctive, and mandamus relief to enter an emergency stay of his removal to allow completion of the pending immigration proceedings. Motions to reopen are an "important safeguard," intended "to ensure a proper and lawful disposition" of removal proceedings, *Dada v. Mukasey*, 554 U.S. 1, 18 (2008), but absent a stay Mr. Ide Fodi's right to legal process will be exterminated prematurely, and irrevocably. And his fate upon return to Niger appears grim.

9. Given the pendency of his BIA appeal, Mr. Ide Fodi seeks to preserve the status quo through a limited stay of removal from this Court. If, instead, ICE carries out this summary

3

removal to Niger while his BIA appeal is pending, he could be sent back to meet the fate—persecution, torture, or even death at the hands of police and government officials—that his motion to reopen seeks to avoid. *See Patel v. Barr*, No. 20-3856, 2020 WL 4700636, at *8 (E.D. Pa. Aug. 13, 2020) ("[T]he risk of persecution leads us to conclude that [the plaintiff's] ability to meaningfully participate in his case could be severely impaired if he were deported."), *reconsideration denied*, 2020 WL 6888250 (E.D. Pa. Nov. 24, 2020). Therefore, it is essential that this Court intervene on an emergency basis to provide a limited, protective stay of removal in the form of a temporary restraining order ("TRO") and/or preliminary injunction ("PI").

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as a civil action arising under the laws of the United States, and the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361. The Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202, 5 U.S.C. § 702, and 28 U.S.C. § 1361. The government has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are officers of the United States, acting in their official capacity. Mr. Ide Fodi's case is pending before the Board of Immigration Appeals, Executive Office for Immigration Review, which is located within this district. Upon information and belief, he is currently being moved for deportation via Dulles International Airport.

## PARTIES

12. Plaintiff Seyni Ide Fodi is an asylum seeker from Niger. He has been detained in the custody of ICE since October 11, 2025 at the Moshannon Valley Processing Center under the administrative control of the ICE Philadelphia Field Office. He was transferred on or about the evening of February 24, 2026, to Chantilly, Virginia for purposes of removal, which is occurring

4

on February 25, 2026.

13.     Defendant Pamelia Bondi is sued in her official capacity as Attorney General of the United States and head of the Department of Justice. In this capacity, he is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103, oversees the Executive Office for Immigration Review (EOIR) (which includes the immigration courts and the Board of Immigration Appeals), and is empowered to instruct the BIA to adjudicate an immigration motion.

14.     Defendant Daren Margolin is sued in his official capacity as Director of EOIR. In this capacity, among other duties, he has the authority to "[d]irect the conduct of all EOIR employees to ensure the efficient disposition of all pending cases, including the power, in his discretion, to set priorities or time frames for the resolution of cases; to direct that the adjudication of certain cases be deferred; to regulate the assignment of adjudicators to cases; and otherwise to manage the docket of matters to be decided by the BIA, the immigration judges, the Chief Administrative Hearing Officer, or the administrative law judges." 8 C.F.R. § 1003.0(b)(1)(ii). Mr. Margolin is empowered to instruct the BIA to adjudicate an immigration motion.

15.     Defendant Gary Malphrus is sued in his official capacity as Chief Appellate Immigration Judge of the BIA. In this capacity, he has general authority to "direct, supervise, and establish internal operating procedures and policies of the Board" and specific authority to "set priorities or time frames for the resolution of cases." 8 C.F.R. § 1003.1(a)(2)(i), (C). In addition, he has "the duty to ensure the efficient disposition of pending cases" before the BIA. Mr. Malphrus is empowered to instruct the BIA to adjudicate an immigration motion.

16.     Defendant Kristi Noem is the Secretary of the Department of Homeland Security

("DHS"). In that capacity, she is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103. DHS's components include ICE.

17. Defendant Todd M. Lyons is sued in his official capacity as Deputy Director and Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement (ICE). In this capacity, he has supervisory authority over Mr. Ide Fodi's detention and removal. 8 C.F.R. § 2.1.

## FACTUAL ALLEGATIONS

### Mr. Ide Fodi's Immigration Proceedings

18. Seyni Ide Fodi is a citizen and lifelong resident of Niger. He speaks Zarma, a rare language spoken only in Niger, and some rudimentary French and Hausa.

19. Mr. Ide Fodi is verbally fluent only in Zarma, a language only used in Niger. He cannot read or write even in his native language, as he was never afforded the opportunity to attend any formal schooling.

20. Mr. Ide Fodi was a victim of violence and torture in Niger after protesting the government who came to power thorugh a violent coup. Police forces fired gunshots and deployed teargas at Mr. Ide Fodi when he protested. Police forces continued to target protestors and Mr. Ide Fodi was forced into hiding.

21. A few days later, police officers arrived at Mr. Ide Fodi's home armed with weapons to arrest him for being opposed to the regime. Mr. Ide Fodi managed to flee and left Niger immediately.

22. Mr. Ide Fodi entered the United States on or about October 18, 2024 to seek asylum. DHS detained him at the border and transferred him to a detention center in Colorado. U.S. Citizenship and Immigration Services conducted a credible fear interview with Mr. Ide Fodi

6

on November 16, 2024, in French, a language that he does not speak fluently. Nevertheless he received a positive outcome.

23. On January 7 and 24, 2025, Mr. Ide Fodi attended master calendar hearings. At the second hearing, the immigration judge gave him an I-589 application and instructed him to fill it out in English.

24. On January 25, 2025, the next day, DHS released Mr. Ide Fodi on interim parole with an ankle monitor.

25. On January 27, 2025, the immigration court transferred Mr. Ide Fodi's case to the Denver Immigration Court despite already having his New York address. Upon his arrival in New York, Mr. Ide Fodi complied with ICE's release instructions and appeared at each required check in.

26. Around February 2025, Mr. Ide Fodi went to the ICE office in New York to explain he needed to move to Harrisburg, PA and wished to update his address. ICE gave him authorization to move before leaving New York. When he arrived in Harrisburg, he complied with all requirements. DHS never notified Mr. Ide Fodi that he had to separately update his address with the Court and he did not know that he had to do so.

27. On July 31, 2025, months after he had been released from ICE custody and had moved to Pennsylvania with ICE's permission, a Notice of an In-Person Hearing was mailed to Mr. Ide Fodi's prior address in New York notifying him of his first non-detained master calendar hearing scheduled for September 11, 2025 with the Denver Immigration Court. Mr. Ide Fodi was not aware of this hearing and as a result, he was ordered removed in absentia due to his failure to appear.

28. On October 11, 2025, ICE detained Mr. Ide Fodi and transferred him to the

Moshannon Valley Processing Center.

29. On October 28, 2025, Mr. Ide Fodi retained pro bono counsel to file an emergency motion to reopen his case.

30. On November 7, 2025, Mr. Ide Fodi timely filed a motion to reopen his in absentia removal order, arguing exceptional circumstances and lack of notice. Notably, Mr. Ide Fodi met all requirements of a motion to reopen – stating new facts supported by affidavits and other evidence, to be proven at a hearing if granted. *See* 8 C.F.R. § 1003.23(b)(3). He accompanied his motion with the appropriate application for relief (an I-589), a sworn affidavit, and supporting documentary evidence to support his claim. He provided proof of his due diligence—both before and after learning of his removal order—and the truly exceptional circumstances that prevented him from appearing for his September 11, 2025 hearing.

31. On December 5, 2025, the immigration judge denied Mr. Ide Fodi's motion to reopen in a brief written summary order. The immigration judge did not provide any reasoning related to Mr. Ide Fodi's arguments.

32. On December 10, 2025, Mr. Ide Fodi filed an appeal of the decision to the motion to reopen. Mr. Ide Fodi also filed a request for a stay of removal. Counsel contacted the BIA about the motion for a stay of removal. However, because Mr. Ide Fodi's deportation was not considered imminent on December 20, 2023, when the emergency motion was filed, the Emergency Stay Unit (ESU) informed Mr. Ide Fodi's counsel it would adjudicate the stay when the ICE Field Office responsible for Mr. Ide Fodi's removal informed the ESU that deportation was imminent.

33. On December 22, 2025, the BIA issued a briefing extension request giving counsel until January 21, 2026 to file a brief with the BIA. The BIA provided DHS until

February 11, 2026 to file its brief. Counsel and the DHS timely filed their briefs and the appeal remains pending.

34. On February 24, 2026, at 5:27 pm, counsel received a notification from Mr. Ide Fodi's friend that his account in detention had been shut off, indicating that he was about to be transferred.

35. Six minutes later, counsel called the BIA Emergency Stay Unit and left a voicemail because the office was closed.

36. On February 24, 2026, at 5:42 pm, counsel emailed ICE at the Moshannon Office and the Philadelphia office stating:

> "Mr. Ide Fodi notified me this afternoon that his account was closed today. Would you mind letting me know if he is being transferred to another detention facility or if he is being moved for deportation? Mr. Ide Fodi has a pending appeal before the BIA and a stay of removal at the BIA that has not yet been adjudicated. If he is being moved for deportation, please let me know as I need to update the BIA so they can rule on the stay."

37. On February 25, 2026, ICE Detainee locater showed Plaintiff was no longer at the Moshannon Valley Processing Center and to call ICE for details. The number provided was for Moshannon Valley Processing Center. Counsel called Moshannon four times until an operator picked up at 8:07am. The operator, who is not an ICE official, informed counsel that Plaintiff was moved to an ICE Field Office for immediate removal but stated he could not provide counsel with the specific Field Office or any information as the operator is not an ICE employee.

38. Counsel immediately followed up with the Moshannon office and Philadelphia Office on February 25, 2026 at 8:30 am stating:

> "I spoke with a GEO officer this morning who informed me my client was moved to a field office which indicates he is being transferred for immediate removal.
>
> Mr. Ide Fodi has a pending BIA appeal and a stay that has not been adjudicated. The stay must be adjudicated before he can be removed.

9

> If he is being transferred for removal I need to be able to communicate with my client. Can you please advise me of where Mr. Ide Fodi is located?"

39. Counsel called the BIA Emergency Stay Unit twice at 8:30 am and informed the unit of Plaintiff's imminent removal. The Stay Unit, who purports to have a list of imminent removals, stated that as of last night Plaintiff was not being moved for removal. Counsel explained that Plaintiff was transferred this morning to a Field Office for removal. The Stay Unit explained they would need to verify this information directly with ICE before adjudicating the emergency stay of removal that was pending before the BIA.

40. Counsel received a call from ICE at 8:33am stating that they were holding Plaintiff at Chantilly, Virginia and were attempting to deport him but could not communicate with him and asked counsel to provide interpretation services in his native language. Counsel explained that Plaintiff requires Zarma interpretation. The officer stated they could not locate a Zarma interpreter and that they were putting Plaintiff on a flight for removal because his appeal was denied. Counsel told the officer that Plaintiff's appeal is still pending and that before they can remove him a stay at the BIA must be adjudicated. The Officer did not understand and said he would call Philadelphia ICE and BIA.

41. Counsel contacted the BIA two more times by phone to confirm and they stated they spoke with the ICE officer and would process stay but could not tell counsel more information.

42. On February 25, 2026, at 9:14 am, the BIA denied the request for a stay of removal. Mr. Ide Fodi's motion to reopen remains pending. His counsel timely filed a brief. DHS filed a motion for summary appeal.

43. After the BIA ruled on the Motion for a Stay, the ICE officer contacted counsel

again and asked her to inform her client that his appeal was denied. Counsel reiterated that the appeal remains pending. The BIA only ruled on the Motion for a Stay, not on the merits of the Motion to Reopen that is pending before the BIA.

44. The ICE officer informed counsel that he intended to put Mr. Ide Fodi on Flight ET501 to Ethiopia that was to depart at 10:00AM, where he would then be connected to Niger. The officer indicated that the flight was scheduled to depart in less than twenty minutes.

45. However, counsel then contacted the Washington Field Office at (703) 633-2100 at 10:07AM and spoke to an officer. That Officer stated that Plaintiff was still listed in ICE custody and if counsel wanted additional information she had to call the Chantilly, VA Field Office. However, the number the officer gave was the exact same number. Counsel then called that number again at 10:16AM. Counsel indicated to the answering officer that ICE had informed her that Plaintiff was on a plane, but the ICE Officer (a different officer than who answered the phone previously), stated that Plaintiff was not on a plane, but was still in the United States and being held by the "Washington Field Office." Counsel indicated numerous times that she needed to understand Plaintiff's whereabouts and needed access to her client, as his counsel.

46. Mr. Ide Fodi's appeal to the BIA is predicated on a denial of due process. If he prevails before the BIA, his removal order will be rescinded and he will have the opportunity to go back to immigration court—now with counsel and language services—to have his application for asylum finally considered. If the BIA denies his appeal, Mr. Ide Fodi has the right to seek review of that decision through a petition for review with the Court of Appeals. 8 U.S.C. § 1252(a)(1). But despite these pending procedures—to which Mr. Ide Fodi is statutorily and constitutionally entitled —ICE is moving quickly to deport Mr. Ide Fodi to a country where he

fears serious harm or death, putting him at risk of the precise dangers that these procedures are meant to protect against.

47. Absent emergency relief from this Court, Plaintiff is likely to suffer irreparable harm for which there is no compensation at law.

## CLAIMS FOR RELIEF

### COUNT I
### (Petition for Mandamus, 28 U.S.C. § 1361)

48. Mandamus is available to a party to compel a federal official or agency to perform a duty if: (1) he has a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. *See* 28 U.S.C. § 1361.

49. Defendants are empowered to instruct the BIA to adjudicate an immigration appeal.

50. Plaintiff Ide Fodi has a right to have the BIA adjudicate the appeal over his motion to reopen.

51. The BIA has a duty to adjudicate Mr. Ide Fodi's appeal within a reasonable time, and his case should be given priority, as he is detained. 8 C.F.R. § 1003.1(e)(8).

52. The BIA has not adjudicated Mr. Ide Fodi's motion to reopen, yet Defendants are about to deport him.

53. This failure to adjudicate Mr. Ide Fodi's motion to reopen has deprived Mr. Ide Fodi of his statutory rights under the Immigration and Nationality Act (INA). *See* 8 U.S.C. §§ 1229a(c)(7) (right to file motion to reopen); 1252(a)(1) (judicial review of final removal orders).

54. By denying Mr. Ide Fodi's emergency stay without resolving his motion to

reopen, the BIA has withheld the predicate final order— i.e. the motion to reopen denial— necessary for filing a petition for review. The BIA has thus deprived Mr. Ide Fodi of the opportunity to seek the judicial review to which he is statutorily entitled and of the opportunity to seek a stay of removal. *See Shaboyan v. Holder*, 652 F.3d 988, 989-90 (9th Cir. 2011) (holding that the court does not have jurisdiction to review the BIA's denial of a stay of removal as this does not constitute a "final order" of removal).

55. Under the INA, ICE *may not* remove an individual to a country where "the [noncitizen's] life or freedom would be threatened in that country because of the [noncitizen's] . . . political opinion." 8 U.S.C. § 1231(b)(3)(A). Removal becomes unlawful in violation of the INA where the noncitizen demonstrates that it "is more likely than not that he or she would be persecuted on account of . . . political opinion" if removed. 8 C.F.R. § 208.16(b)(2). Related relief is also available in the form of withholding or deferral of removal under CAT. 8 C.F.R. § 208.16(c)(4).

56. People like Mr. Ide Fodi can only seek a stay of removal from a circuit court of appeals in connection with a petition for review—which cannot be filed unless and until the BIA denies a pending motion to reopen removal proceedings. *See* 8 U.S.C. § 1252(d)(1). *See also Davis v. United States*, No. 06-cv-04079, 2007 WL 3342407, at *8 (E.D. Pa. 2007) (concluding that noncitizen had not exhausted administrative remedies because "proceedings following his motion to reopen are pending").

57. Immigration agencies, including the BIA, cannot functionally eliminate statutory rights. *See, e.g.*, *Kucana v. Holder*, 558 U.S. 233, 252-53 (2010) (holding that the agency cannot cut off right to judicial review of motions to reopen by regulation); *Prestol Espinal v. Att'y Gen. of U.S.*, 653 F.3d 213, 218–220 (3d Cir. 2011). Here, the BIA deprived Mr. Ide Fodi of his right

to seek a judicial stay under 8 U.S.C. § 1252(b)(3)(B) by denying his administrative stay request and failing to adjudicate his appeal over his motion before deportation.

58. Without a protective stay of removal from a District Court, ICE can summarily remove people like Mr. Ide Fodi and thereby obviate any meaningful opportunity for them to continue pursuing a pending motion to reopen removal proceedings.

59. Further, the failure of the BIA to adjudicate his motion to reopen before denying his emergency stay deprives Mr. Ide Fodi fair proceeding guaranteed by the INA and Due Process Clause. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Reno v. Flores*, 507 U.S. 292, 306 (1993); *Khouzam v. Att'y Gen. of the U.S.*, 549 F.3d 235, 256–57 (3d Cir. 2008); *see also* 8 U.S.C. § 1229a(c)(4).

60. Here, the private interests at stake are weighty: deportation can result in serious and irreparable injuries. *See, e.g.*, *Delgadillo v. Carmichael*, 332 U.S. 388, 391 (1947); *Padilla v. Kentucky*, 559 U.S. 356, 365 (2010). This is especially true in the case of Mr. Ide Fodi, where his underlying claim for relief is based on fear of serious harm and torture if returned to the country where he is going to be deported without adjudication of the motion. The risk of erroneous deprivation absent improved procedures is great—here, the BIA has completely failed to consider the merits of Mr. Ide Fodi's motion. Finally, any government interest in minimizing burdens cannot outweigh the other factors or the government's interest in proper adjudications. *See, e.g., Oshodi v. Holder*, 729 F.3d 883, 896 (9th Cir. 2013) (noting that the government's burden is "minimal" where procedural protection "require[s] no process that the government has not already imposed on itself").

61. Pursuing any additional administrative remedy would prejudice Plaintiff, due to the fact that he will be deported as soon as February 25, 2026, rendering it futile. This is

especially true as Mr. Ide Fodi's underlying claim for immigration relief relates to his fear of return to Niger and so forcing him to return to Niger while awaiting adjudication is especially prejudicial.

62. Given that Plaintiff has "no other adequate means to attain the relief he desires," his right to mandamus relief is therefore "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

## COUNT II
### (Violation of the Administrative Procedures Act, 5 U.S.C. § 706(1))

63. Plaintiff Ide Fodi realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

64. The Administrative Procedure Act ("APA") mandates that an agency "shall proceed to conclude a matter presented to it" "within a reasonable time." 5 U.S.C. § 555(b). It also grants this Court the power to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

65. Defendants are responsible for overseeing the Board of Immigration Appeals and are empowered to instruct the BIA to adjudicate a pending immigration appeal.

66. The BIA has not adjudicated Mr. Ide Fodi's appeal within a reasonable time. The BIA did not adjudicate his motion to reopen before denying his emergency stay.

67. The BIA's failure to adjudicate Mr. Ide Fodi's appeal within a reasonable time and before denying the stay motion constitutes an unlawful withholding or unreasonable delay of an agency action in violation of the APA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Assume jurisdiction over this matter;

b) Declare that Defendants' acts and omissions complained of herein violate the Due Process Clause, the Immigration and Nationality Act and accompanying regulations, and the Administrative Procedure Act;

c) Order Defendants to instruct the BIA to render a decision on Mr. Ide Fodi's unopposed motion to reopen;

d) Enjoin Defendants from removing Mr. Ide Fodi from the United States until the BIA has adjudicated his pending appeal;

e) Award reasonable costs and attorneys' fees under the Equal Access to Justice Act, and any other applicable statute or regulation; and

f) Grant such further relief as this Court deems just and proper.

Date: February 25, 2026

Respectfully submitted,

/s/ James D. Jenkins
James D. Jenkins (VSB #96044)
P.O. Box 6373
Richmond, VA 23230
T: (804) 873-8528
E: jjenkins@valancourtbooks.com

/s/ Lilah Thompson*
Lilah R. Thompson (PA 324718)
Defender Association of Philadelphia
1441 Sansom St.
Philadelphia, PA 19102
T: 267-765-6716
E: LRThompson@philadefender.org

*Pro Bono Attorneys for Plaintiff*
**Pro Hac Vice Forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the CM/ECF system on this 25th day of February, 2026.

Date: February 25, 2026

/s/ James D. Jenkins
James D. Jenkins (VSB #96044)
P.O. Box 6373
Richmond, VA 23230
T: (804) 873-8528
E: jjenkins@valancourtbooks.com