**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| SEYNI IDE FODI, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-560 (LMB/WBP) |
| | ) | |
| PAMELA BONDI, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## <u>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND MOTION TO DISMISS</u>

Defendants, through their undersigned counsel, pursuant to this Court's March 10, 2026, Order (Dkt. 10) hereby respectfully submit the instant Motion to Dismiss Plaintiff's Complaint and Opposition to Plaintiff's Motion for a Preliminary Injunction (Dkt. 1-3).

### BACKGROUND

### I.   Plaintiff's Immigration Background and Removal Proceedings[1]

Plaintiff, a native and citizen of Niger, who "speaks Zarma, a rare language spoken only in Niger, and some rudimentary French and Hausa," came to the United States in October 2024 in order to seek asylum. *See* Dkt. 1 ¶ 2, 18, 22. Following placement in immigration detention and multiple appearances in immigration court proceedings, Plaintiff was released on "interim parole with an ankle monitor." *Id.* ¶ 22-24. Plaintiff resided in New York and attended his ICE check-ins. *Id.* ¶ 25. In February 2025, Plaintiff informed ICE he was moving to Harrisburg, Pennsylvania; however, according to Plaintiff, ICE did not inform him that he had to separately

---

[1] The following statements of fact are taken from the Plaintiff's filings. Defendants reserve the right to challenge Plaintiff's version of the facts were litigation to proceed. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

update the Immigration Court with his new address. *Id.* ¶ 26. As a result, Plaintiff claims he did not know about his upcoming September 2025 immigration hearing, thus did not attend, and was ordered removed in absentia due to his failure to appear. *Id.* ¶ 27.

On October 11, 2025, Plaintiff was detained by ICE and held in custody in Pennsylvania. *Id.* ¶ 28. On November 7, 2025, Plaintiff moved the Immigration Judge (IJ) to reopen his removal order. *Id.* ¶ 30. On December 5, 2025, the Immigration Judge denied the motion to reopen. *Id.* ¶ 31. On December 10, 2025, Plaintiff appealed the IJ's decision on his motion to reopen to the Board of Immigration Appeals (BIA), and requested a stay of removal from the BIA. *Id.* ¶ 32. The appeal of the IJ's decision to the BIA is fully briefed and remains pending. *Id.* ¶ 33. On February 25, 2026, the BIA denied Plaintiff's request for a stay of removal. *Id.* ¶ 42.

## II.    Plaintiff's Complaint and Motion for a Preliminary Injunction in this Court

On February 25, 2026, Plaintiff filed a Complaint for Declaratory, Injunctive, and Mandamus Relief in this Court, Dkt. 1, and a Motion for Temporary Restraining Order and Preliminary Injunction, Dkt. 2-3. Plaintiff does not seek relief in habeas. Rather, Plaintiff's Complaint contains two claims challenging the BIA's failure to rule on Plaintiff's appeal of the IJ's decision to deny his motion to reopen. *See* Dkt. 1 ¶¶ 48-67. Both the Complaint and Motion for a Preliminary Injunction ask this Court to enjoin the enforcement of Plaintiff's final order of removal. *See* Dkt. 1 (prayer for relief asks this Court to "Enjoin Defendants from removing Mr. Ide Fodi from the United States until the BIA has adjudicated his pending appeal"); Dkt. 2-1, Proposed Order (proposing that the Court order "Defendants and their agents, assigns and all persons working in concert with them are hereby ENJOINED from removing Plaintiff Ide Fodi from the United States pending further order of this Court.").

## ARGUMENT

**I.      This Court Lacks Jurisdiction to Grant the Relief Sought by the Plaintiff's Complaint and Motion for Preliminary Injunction**

Plaintiff asks this Court to enjoin the enforcement of his final order of removal.  Plaintiff seeks such a stay of removal pending the BIA's decision on his appeal of the Immigration Judge's decision denying his request for relief.  Plaintiff's Complaint should be dismissed and his Motion for a Preliminary Injunction denied because this Court lacks jurisdiction to hear any challenge to the propriety of his final order of removal or any claim arising from the enforcement of an order of removal. Congress has barred judicial review in the district courts of claims that arise out of the commencement, adjudication, and enforcement of removal proceedings. *See* 8 U.S.C. § 1252(g); *see also id.* § 1252(a)(5).

*First*, this Court lacks jurisdiction to grant Plaintiff's motion because it is barred by 8 U.S.C. § 1252(g). Section 1252(g) divests the district courts of jurisdiction to entertain "any cause or claim by . . . any alien *arising from* the decision by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *Id.* (emphasis added). The jurisdiction-stripping language contained within § 1252(g) is extraordinarily broad, precluding jurisdiction over "*any* cause or claim" "notwithstanding any other provision of law." 8 U.S.C. § 1252(g) (emphasis added); *see United States v. Gonzales*, 520 U.S. 1, 5 (1997) (holding that the "word 'any' has an expansive meaning"). The Fourth Circuit has thus interpreted § 1252(g) to cause a universal divestiture of district court jurisdiction over the three types of actions listed in the section

> Because "[e]xcept as otherwise provided in this section," connotes a singular exception to the general rule in § 1252(g) that jurisdiction is stripped from the enumerated claims, we interpret "any" to mean "all," and, thus, "notwithstanding any other provision of law" to mean that *all other jurisdiction-granting* statutes, including § 2241, *shall be of no effect.*
> . . . .

> In sum, Congress could hardly have been more clear and unequivocal that courts shall not have subject matter jurisdiction over claims arising from the actions of the Attorney General enumerated in § 1252(g) other than jurisdiction that is specifically provided by § 1252.

*Mapoy v. Carroll*, 185 F.3d 224, 229-30 (4th Cir. 1999) (emphasis added) (citations omitted); *see also Artiga-Carrero v. Farrelly*, 270 F. Supp. 3d 851, 876-77 (D. Md. 2017) ("Although § 1252(g) applies only to a narrow set of decisions or actions by the government, it imposes an *absolute* bar to federal court jurisdiction over any claim arising from such a decision or action" (emphasis in original)). The Supreme Court itself has recognized that once the specific immigration decision or action is found within the "scope of the bar" (*e.g.*, a challenge to the "execut[ion of] removal orders"), "jurisdiction is precluded regardless of what any *other* provision or source of law might say." *Kucana v. Holder*, 558 U.S. 233, 238 n.1 (2010) (emphasis in original).

Multiple decisions in this Court have held that under 8 U.S.C. § 1252(g), federal district courts do not have subject matter jurisdiction over requests to stay orders of removal. In *Hatami v. Ridge*, 270 F. Supp. 2d 763, 764 (E.D. Va. 2003), a lawful permanent resident facing "imminent removal" from the United States sought a temporary stay of his removal order while he pursued his state habeas corpus petition. Judge Ellis held that § 1252(g) was "dispositive" and "preclude[d] consideration of plaintiff's request" because a stay of a removal fell "squarely within the terms of this section." *Id.* at 767; *see also Janvier v. I.N.S.*, 174 F. Supp. 2d 430, 433 (E.D. Va. 2001) (holding that under § 1252(g) "there is no federal jurisdiction to review Board of Immigration Appeals decisions" about the execution of removal orders or to issue an "injunction barring a deportation"); *Hamama v. Adduci*, --- F.3d ---, 2018 WL 6722734, at *2, 8 (6th Cir. 2018) (holding that under § 1252(g) federal district courts lack jurisdiction to grant a stay of removal). Thus, § 1252(g) precludes this Court's jurisdiction over Plaintiff's request to stay his

order of removal.

*In addition*, the Court lacks authority to grant Plaintiff's motion under 8 U.S.C. § 1252(a)(5), which requires that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." District courts within the Fourth Circuit have held that § 1252(a)(5) precludes the district court's jurisdiction over a request for a stay of a removal order. *See Paz Yanes v. Nielsen*, 2018 WL 1640515, at *3 (D.S.C. Apr. 5, 2018) (citing 8 U.S.C. § 1252(a)(5) and holding that "this court clearly does not possess the jurisdiction to issue any order regarding a stay of [Plaintiff's] removal"); *Solis on Behalf of JGGS v. Whitaker*, 2018 WL 6348386, at *2 (D.S.C. Dec. 5, 2018) ("The Fourth Circuit has clearly affirmed that 8 U.S.C. § 1252 precludes a district court from granting a stay of removal.").

Because it is well-settled that Congress has precluded this Court's jurisdiction over any request to stay an alien's removal, Plaintiff's motion should be denied and his Complaint dismissed.

## II.    Plaintiff's Request for a Preliminary Injunction Should Also Be Denied because it is a Disfavored Request for a Mandatory Injunction

The Court should deny Plaintiff's Motion for a Preliminary Injunction for the additional reason that Plaintiff is seeking a mandatory injunction compelling the BIA to take action.  In essence, Plaintiff's request for "preliminary" relief is actually a request for permanent relief from removal, which would require Plaintiff to prevail on the merits despite the plain language of the INA precluding such relief.

A preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  Such a request "involv[es] the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." *Sarsour*

*v. Trump*, 245 F. Supp. 3d 719, 728 (E.D. Va. 2017). In order to be eligible for a preliminary injunction, Plaintiff must demonstrate each of the following factors by a "clear showing": (1) a likelihood of success on the merits; (2) irreparable harm in the absence of preliminary injunctive relief; (3) the balance of equities between the parties tips in favor of the party seeking such relief; and, (4) the public interest favors equitable relief. *Winter*, 555 U.S. at 20, 22; *see also Pashby v. Delia*, 709 F.3d 307, 320-21 (4th Cir. 2013) (each element of the test must be satisfied). The requirement for showing a clear likelihood of success on the merits "is far stricter than a requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Sarsour*, 245 F. Supp. 3d at 729 (alterations and quotation marks omitted; emphasis in original).

"Ordinarily, preliminary injunctions are issued to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." *See Perry v. Judd*, 471 F. App'x 219, 223 (4th Cir. 2012). Plaintiff here, however, does not seek a preliminary injunction solely for its generally intended purpose—to maintain the status quo pending a merits determination on Plaintiff's claims. Instead, Plaintiff seeks the extraordinary and *disfavored* relief of a "mandatory" injunction asking this Court to order the BIA to take action as to Plaintiff's appeal. *See* Dkt. 1 at 16 (prayer for relief asks this Court to "Enjoin Defendants from removing Mr. Ide Fodi from the United States until the BIA has adjudicated his pending appeal" and asking this Court to "Order Defendants to instruct the BIA to render a decision on Mr. Ide Fodi's unopposed motion to reopen."). As another jurist of this Court previously stated, "the standard for a preliminary injunction 'becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of preliminary injunction that merely preserves the status quo pending trial.'" *E.K.*, 2025 WL 2969560, at *6 (quoting *Vollette v. Watson*, 2012 WL 3026360, at *3 (E.D. Va.

6

July 24, 2012)). And thus, to obtain this extraordinary and disfavored relief, courts require "a heightened showing of the four factors." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1209 (10th Cir. 2009).

Given the jurisdictional hurdles identified *supra*, Plaintiff cannot make this heightened showing. In substance, Plaintiff seeks a permanent, mandatory injunction precluding his removal until the BIA acts on his motion to reopen, as well as an order compelling the BIA to take action; this is not preliminary relief to maintain the status quo, but rather extraordinary relief that would require this Court to ignore the plain language of the INA which explicitly precludes this Court from enjoining the enforcement of removal orders.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed for lack of jurisdiction and his Motion for a Preliminary Injunction denied.

Dated: March 13, 2026

Respectfully submitted,

TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL

By: _____/s/_____
ELIZABETH A. SPAVINS
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:    (703) 299-3785
Fax:    (703) 299-3983
Email: Lizzie.Spavins@usdoj.gov
*Counsel for Defendants*

7